## McDONALD v. CRAWFORD.
### No. 4757.

Court of Civil Appeals of Texas. Beaumont.
May 22, 1952.

Cornelius & Cornelius, Jefferson, for appellant.

James T. Wright, Beaumont, for appellee.

COE, Chief Justice.

On November 2, 1949 appellant filed his suit for title to and possession of an automobile involved in this case against Robert H. Wynne and the appellee Louis Crawford in the District Court of Marion County, Texas. A writ of sequestration was issued out of said court and the automobile in question was sequestered. The appellee Louis Crawford having failed to replevy said automobile within the time required by law, the appellant, M. M. McDonald, filed a replevin bond and took possession of said automobile and retained possession thereof until the same was later sold. Thereafter the defendants in said cause filed their pleas of privilege to be sued in Jefferson County, Texas, which were sustained and the cause was transferred to the District Court of Jefferson County, Texas.

Appellant McDonald alleged that on September 27, 1947, he was the owner of a 1949 Mercury 4-door automobile, motor No. 9 CM 248669 to which was attached dealer's license No. SK 3763, and on said date at the special instance and request of the defendant Robert H. Wynne he agreed to sell said automobile to the said Wynne for a cash consideration of $2,070; that defendant Wynne requested the appellant to attach a draft for the said amount to the certificate of title of said automobile and transmit the same to the Atlantic Finance Company, through the First National Bank

of Beaumont, Texas, where such draft would be paid; that upon such agreement appellant delivered said automobile to Wynne, and thereafter attached the certificate of title to said draft and sent same to Beaumont, Texas, which draft was drawn upon the Atlantic Finance Company for the sum of $2,070 as agreed upon; that the defendant Wynne failed and refused to pay said draft as agreed upon and appellant sent said draft and title papers to the First National Bank at Beaumont, Texas, notifying the said Wynne that the papers and draft had been returned; that the said Wynne again refused and still refuses to pay the same or any part thereof, and because of such failure to pay said draft appellant sought to recover the automobile in question. Appellant further alleged that the appellee Louis Crawford had in his possession the said automobile under some claim of right, the exact nature of which was unknown to him, but that whatever right or claim he had to said automobile it was inferior to that of appellant.

The appellee, Louis Crawford, in addition to filing a general denial to appellant's petition, filed his cross-action against appellant M. M. McDonald and defendant Wynne to recover the sum of $2,395, which he alleged that he had paid to Robert H. Wynne for the automobile claimed by the appellant McDonald. In substance, he alleged that in the Fall of 1949 he decided to purchase a new automobile and was referred to Robert H. Wynne as a reliable automobile dealer. Thereafter he agreed to buy from said Wynne and Wynne agreed to sell the appellee a 1949 Mercury 4-door sedan for a consideration of $2,395, of which amount he paid the said Wynne $1,140 in cash and transferred to him a 1948 Mercury automobile for the consideration of $1,255, whereupon the said Wynne on September 27, 1949, delivered to Crawford the 1949 Mercury automobile involved in this suit. He further alleged that at the time said automobile was delivered to him by Wynne he demanded of Wynne a certificate of title for said automobile, but was told by Wynne that he, Wynne, had to make application for same and that he would deliver it to the appellee as soon

as it was received; that at the time of the purchase of said automobile it was bearing a dealer's license No. SK 3763, and that he was informed that the proper procedure to follow in getting him the certificate of title was for Wynne to make application for the title to issue to him; that thereafter he made inquiry of Wynne about the certificate of title and was advised by him that the same would come in but that he never received any certificate of title from Wynne and he was dispossessed of said automobile by officers who served certain papers upon him, and that the appellant McDonald was present at the time and that he had not had possession of said automobile since that date. He further alleged that he was an innocent purchaser for value and without notice of any adverse interest in appellant or anyone else; and that if appellant had any interest in or to said automobile at the time in question, he was estopped now from claiming such for the reason that when he sold said automobile to the defendant Wynne for a cash consideration of $2,070 he, the said McDonald, transferred his interest therein to Wynne, and on the date appellee purchased said automobile from the said Wynne, said McDonald no longer had a right to claim the said automobile and wrongfully took same from appellee's possession. He alleged that at the time he purchased the automobile from Mr. Wynne that no Texas certificate of title had been issued on same and that same still bore a dealer's license as above set out and that said McDonald, by his act in selling the said automobile to Wynne and releasing possession of same to Wynne, was negligent; that such conduct was a procuring cause in inducing appellee to pay Wynne for the said automobile; that appellant knew or ought to have known that Wynne would be in position to defraud appellee as he did; that appellant was in a better position to foresee the harm and loss that would result to appellee, all of which said appellant now is estopped to deny by reason of certain admissions in his pleadings. He further alleged that he had demanded the return of said automobile from both the appellant and defendant Wynne, which they had refused to do and still refused to

do, and that they had wrongfully appropriated the same for their own use to the appellee's damage of $2,395 with interest at the rate of six percent from October 25, 1949 until paid. He also sought to recover an additional sum of $2,500 for exemplary damages.

On the 26th day of August, 1950, appellant filed a written request of appellee Crawford, requesting the admission of certain facts. Thereafter on the 6th day of September, 1950, the said Crawford filed his written admissions. Appellant filed a motion for judgment on the record, which was overruled by the trial court. At the conclusion of the trial, the trial court took the case under advisement and on January 2, 1951 the court entered judgment vesting title of the automobile in appellant and rendering judgment against the defendant Robert H. Wynne and the appellant McDonald jointly and severally for the sum of $2,395 in favor of the cross-plaintiff Louis Crawford.

No complaint is made of that part of the judgment which vested the title to the automobile in question in the appellant McDonald. The only part of the judgment before this court for review is that part which awarded to the appellee Louis Crawford a judgment against appellant McDonald for the sum of $2,395, the defendant Wynne having filed an answer and failed to appear in the trial court and having failed to perfect any appeal from such judgment or ask any relief therefrom, the judgment as against Wynne is not before us for review.

In support of his judgment in favor of the appellee Crawford against appellant McDonald, the trial court made and filed his findings of fact and conclusions of law. Among such findings, which have been assailed by the appellant, we find the following: "(1) that both M. M. McDonald and Robert H. Wynne are automobile dealers as that term is defined in Section 19 of Article 1436–1 of the Texas Certificate of Title Act, Vernon's Ann. P.C., and that Louis Crawford is a negro laborer; (3) that a Texas certificate of title had not been issued on said Mercury automobile; (5) that Wynne on said date of September 27,

1949 took said Mercury automobile to Beaumont, Texas, and represented to Louis Crawford that said Mercury automobile was his, Wynne's, and based upon such representation, which was believed by the said Crawford, Wynne sold the Mercury automobile to Crawford; that prior to buying said Mercury automobile and upon receiving delivery of it Crawford asked Wynne for the certificate of title as his, Crawford's, record of ownership thereof; (9) that Wynne told Crawford that he, Wynne, being a new automobile dealer would have to get the certificate of title for Crawford; (10) that Crawford relied upon such statements of Wynne; (11) that it is customary for new automobile dealers in Beaumont, Texas to procure from Austin, Texas the original certificate of title for purchasers of new automobiles; (13) that Crawford did not receive from Wynne a Texas certificate of title of said automobile; that Crawford did not have any constructive notice of any interest in or claim to the said Mercury automobile by McDonald; (20) that McDonald on September 27, 1949, knowingly and negligently placed said Mercury automobile and the ostensible title thereto in the posssession of Wynne, knowing that Wynne intended to resell the same; (22) that McDonald was the procuring cause of Crawford being defrauded out of the said $2,395; (23) that Crawford was an innocent purchaser of a valuable consideration without notice that McDonald had any interest or claim in said ownership of said Mercury automobile; (24) that Crawford sustained damages of the sum of $2,-395." His conclusion of law No. 1 reads: "The sale of the 1949 Mercury automobile by M. M. McDonald to Robert H. Wynne was not a first sale as defined in Section 7 of the Texas Certificate of Title Act, but was a purported transfer of the said automobile between dealers in new automobiles and consequently under Section 27 of said Certificate of Title Act, no certificate of title was necessary; (2) that when McDonald turned over to Wynne the complete and uncontrolled possession of the said Mercury automobile, knowing that Wynne intended to sell the said automobile at retail, such action and conduct on the part of

McDonald was negligent; (4) Crawford acted in good faith in purchasing said automobile from Wynne, paid a consideration of $2,395 therefor and was not negligent in so doing; (5) Wynne defrauded Crawford out of $2,395; McDonald was the procuring cause of Wynne's fraudulent conduct; (6) Crawford is entitled to recover from McDonald $2,395." There are other findings and conclusions which we do not deem necessary to set out. The appellant attacks the findings of fact upon which the trial court's conclusions of law are based as having no support in the evidence. We find in the statement of facts on file, in addition to the summary of events leading up to and including the actual trial of the case, the evidence given by the appellee Crawford upon a hearing in his plea of privilege to have this cause transferred to Jefferson County. In addition to establishing his residence in Jefferson County, he testified as to his deal with Wynne in purchasing the automobile in question in which he testified that he agreed to buy said automobile from Wynne and to pay him $1,140 in cash and transferred to Wynne a 1948 Mercury automobile; that on such occasion Wynne delivered possession of the automobile in question, but did not deliver to him a certificate of title. He testified that Wynne told him: "He told me he would have it within two or three days;" (referring to the certificate of title) that he kept said automobile some three weeks before it was taken from his possession; that he had no dealings with the appellant McDonald in purchasing the 1949 Mercury; that he did not know how Wynne got in possession of the Mercury; that he knew at the time he bought the car that Wynne did not have the certificate of title or at least that Wynne told him that, and that he depended upon Wynne to get him one; that he paid him knowing that he did not at that time have a certificate of title to the automobile. In the admissions of fact filed by appellee he admitted that he entered into an agreement with Wynne to buy the 1949 Mercury automobile; that the consideration was as above set out; that he took possession of the automobile after having paid for it. He denied that when the defendant Wynne sold him the automobile he did not have a certificate of title to said automobile; he denied that he knew that Wynne did not have a certificate of title to said automobile; he admits that appellant took possession of the automobile on October 5, 1949, by a writ of sequestration; that at that time he had not been delivered a certificate of title to the automobile in question.

As this record is presented to this court, this is substantially all of the evidence and admissions pertaining to the parties and the dealings between the parties with reference to the automobile in question. This being true we feel compelled to sustain appellant's points and contentions that there was no evidence to support the findings of the trial court as above set out. There is no evidence in the record as to the appellant McDonald and the defendant Wynne being automobile dealers as that term is defined in Section 19 of Article 1436-1 of the Texas Title Certificate Act, or that Wynne told Crawford that he, Wynne, being a new automobile dealer would have to get a certificate of title for Crawford, nor that on September 27, 1949, McDonald knew, when he placed said Mercury automobile in the possession of Wynne, that Wynne intended to sell the same or any of the findings which would in any way support the judgment against the appellant McDonald in favor of the appellee Crawford. Both parties have summarized in their briefs what they say represent the facts in the case, but when we look to the record we are unable to find any support for a large percent of such statements. For instance, it is contended by appellant that the automobile in question was a secondhand or used car upon which a Texas certificate of title had been issued, which was attached to the draft that was mailed to the bank in Beaumont, while on the other hand the appellee contends that the evidence and admissions are sufficient to support the finding of the trial court to the effect that the appellant and Wynne were both automobile dealers as found by the trial court and that the automobile in question was a new automobile for which no Texas certificate of title was ever issued and was being dealt with between ap-

pellant and Wynne as any other chattel. But as stated before, we are unable to find anything in the record to support the contentions of either side. There being a statement of facts on file in this case, we cannot presume that there were other and additional facts which went to support the findings of the trial court. As a matter of fact, we have been unable to find anything in the record other than the allegations of the appellant that he ever owned or had any connection with the automobile in question. However, it seems to be conceded by all parties that the appellant is the rightful owner of the automobile. The same could be said of many of the other findings. It appears to us that this case has not been properly developed and we feel that the end of justice requires us to reverse and remand that part of the judgment awarding to the appellee Crawford a judgment on his cross-action against the appellant McDonald for the sum of $2,395. Both sides have briefed the law applicable to the transfer of automobiles in Texas, but we do not feel called upon to discuss or express any opinion on the contentions made. If the appellant was guilty of any wrongful acts or conduct in connection with the automobile in question which could under any theory of the law make him liable for the fraud practiced by Wynne on the appellee Crawford, it is not revealed by this record. Therefore, we have concluded to reverse and remand that portion of the judgment in favor of Crawford against McDonald for further proceedings to the end that the matter might be properly developed and a proper record presented to this court in case of an appeal. It is therefore ordered.